NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| WENLI GU; NA SHING LI, | No. 07-72375 |
| Petitioners, | Agency Nos. A098-449-230 |
| v. | A098-449-231 |
| ERIC H. HOLDER Jr., Attorney General, | MEMORANDUM [*] |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted February 16, 2010[**]

Before:     FERNANDEZ, GOULD, and M. SMITH, Circuit Judges.

Wenli Gu and her husband Na Shing Li, natives and citizens of China,

petition for review of the Board of Immigration Appeals' ("BIA") order dismissing

Gu's appeal from an immigration judge's ("IJ") decision denying their application

---

[*]     This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

KAD/Research

for asylum, withholding of removal, and protection under the Convention Against Torture ("CAT"). Our jurisdiction is governed by 8 U.S.C. § 1252. We review for substantial evidence, *Husyev v. Mukasey*, 528 F.3d 1172, 1177 (9th Cir. 2008), and we dismiss in part and deny in part the petition for review.

We lack jurisdiction over the petition for review with respect to Li's claims because he failed to join Gu's appeal to the BIA, *see Barron v. Ashcroft*, 358 F.3d 674, 677-78 (9th Cir. 2004), and accordingly dismiss in part as to Li's claims.

In her opening brief, Gu did not challenge the agency's dispositive determination that her asylum claim is time-barred. *See Martinez-Serrano v. INS*, 94 F.3d 1256, 1259 (9th Cir. 1996) (issues not supported by argument are deemed abandoned).

Substantial evidence supports the IJ's adverse credibility determination as to past persecution because the inconsistencies regarding Gu's employment history, removal of her IUD, and the number of her forced abortions go to the heart of her claim. *See Li v. Ashcroft*, 378 F.3d 959 (9th Cir. 2004). Substantial evidence also supports the IJ's finding that Gu failed to establish a clear probability of persecution. *See Fakhry v. Mukasey*, 524 F.3d 1057, 1065-66 (9th Cir. 2008). Accordingly, Gu's withholding of removal claim fails.

Because Gu's CAT claim is based on the testimony the IJ found not credible, and she points to no other evidence to show it is more likely than not she would be tortured if returned to China, her CAT claim fails. *See Kohli v. Gonzales*, 473 F.3d 1061, 1071 (9th Cir. 2007).

**PETITION FOR REVIEW DISMISSED in part; DENIED in part.**